**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN BALL,** | : | **CIVIL NO. 1:10-CV-2561** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. BOWER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This case is a civil rights action filed by Dawn Ball, a state prisoner.  Ball's *pro se* civil rights complaint, which was filed on December 17, 2010, provides a paradigm of the problems which seem to plague this inmate. (Doc. 1)  According to Ball's complaint, these civil rights violations arose out of an extremely brief period of incarceration in the Lycoming County Jail on December 10, 2010. (<u>Id</u>.)  This period of imprisonment was exceedingly brief, as Ball acknowledges:  "I was only there for maybe 3 or 4 hours, tops." (Id.)  Yet, in that short span of time Ball managed to: (1) become embroiled in a "belligerent" exchange with an unidentified male correctional officer who was inspecting her personal property; (2) indulge in a "nasty" discussion

with an unidentified female correction officer; (3) become sufficiently disruptive that two other correctional staff, Lt. Bower, and Correctional Officer Rogers, were compelled to transfer her to the Special Management Unit at this county jail; (4) engage in an exchange of curses with these transporting officers; (5) become involved in a physical altercation in which Ball alleges that she was struck by the officers; and (6) find herself placed in a special management unit cell, where she alleged she was confined, naked, for approximately one hour. (Id.)  On December 17, 2010, Ball filed this *pro se* lawsuit, which recited this remarkable turn of events at the county prison and named six defendants:  the Lycoming County jail, the warden, Lt. Bower, Correctional Officer Rogers, and the two unidentified correctional officers as John and Jane Doe defendants. (Id.)  In her complaint, Ball acknowledged that she never endeavored to exhaust her administrative grievance remedies at the county jail before proceeding into federal court, explaining that she was only "at this county for 3 to 4 hours". (Id.)  Ball then demanded wide ranging relief from the defendants in the form of compensatory and punitive damages, along with declaratory relief. (Id.)

On October 13, 2011, this Court recommended that Ball's complaint be dismissed. (Doc. 31)  That recommendation remains pending before the district court.  Also pending before the Court is a motion by the plaintiff to stay her discovery responses pending the resolution of this potentially dispositive report and

recommendation. (Docs. 40 and 41)  For the reasons set forth below, Ball's motion will be GRANTED.

## II.   Discussion

### A.   Guiding Principles Governing Discovery Motions Practice

Several basic guiding principles inform our resolution of the instant discovery dispute.  At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be

admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery]  matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an

4

abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We note that this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery.  Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' <u>Galella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." <u>Dove v. Atlantic Capital Corp.</u>, 963 F.2d 15, 19 (2d Cir. 1992).  This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless.  <u>See, e.g., James v. York</u>

County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth:  Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.  In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that Ball's various discovery motions should either be stayed at this time.  We note that the defendants have filed a potentially dispositive motion in this case, and we have recommended that this motion

be granted.  The merits of these claims are currently being addressed by the Court,

ensuring a very prompt resolution of this motion.   In this setting, we conclude,

consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without
> foundation in law.' " In re Currency Conversion Fee Antitrust Litigation,
> 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ( quoting Chrysler
> Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10
> (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203
> F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-
> Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y.
> March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Therefore, we will defer further discovery pending resolution of the outstanding

motion. An appropriate order follows:

## III.   **Order**

Accordingly, for the foregoing reasons, the plaintiff's motion to for stay of

discovery (Doc. 40) is GRANTED.

So ordered this 15th  day of December 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
