**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:10-CV-2561 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **LT. BOWER, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

In this action, Dawn Ball, an inmate in the custody of the Pennsylvania Department of Corrections, proceeding *pro se*, sued the Lycoming County Prison and five of its employees, Lieutenant Bower, C.O. Rogers, the Warden, one Jane Doe, and one John Doe.  Plaintiff alleges that Defendants subjected her to unreasonable and excessive force, and otherwise violated her civil rights in a variety of ways during the approximately four hours in which the Plaintiff was housed at the Lycoming County Prison on December 10, 2010.

On December 21, 2011, the Court dismissed Plaintiff's claims against the Warden, the Prison, and both Doe Defendants.  (Doc. 44)  The two remaining Defendants, Lieutenant Bower and C.O. Rogers, have now moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Doc.

53) These Defendants argue that they are entitled to judgment on the pleadings because the Plaintiff failed to exhaust administrative remedies that were available to her at the Lycoming County Prison, and she is thus barred from bringing this action by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. 54)

The Plaintiff opposes the motion, arguing that she was only held at Lycoming County Prison for a matter of hours before being returned to the State Correctional Institution at Cambridge Springs. (Doc. 61) Plaintiff contends that during her short incarceration in the county prison, she was not provided with any instructions, forms, or other guidance regarding administrative procedures and remedies available at Lycoming County Prison, and represents further that she was not provided with any writing instruments or any other means of prosecuting a grievance with prison officials during her brief detention at the facility.

Upon review of the parties' competing briefs, we find that Defendants have not demonstrated that they are entitled to judgment on the pleadings on the grounds that Plaintiff failed to exhaust her administrative remedies. Defendants bear the burden of proving failure to exhaust as a basis to dismiss Plaintiff's claims, and Plaintiff has squarely disputed the issue of exhaustion through her representations that she was never informed about the prison's administrative remedies, the procedures that needed to be followed in order to file and prosecute an administrative claim, or even

the forms and tools necessary to prepare and submit an initial grievance before she was returned to SCI-Cambridge Springs following less than four hours at the Lycoming County Prison. Although Defendants may yet prevail on this defense by showing that Ball was aware of these procedures establishing this defense requires proof beyond the pleadings. Therefore, we conclude that under the circumstances presented, and because of Plaintiff's representations that she was effectively without the information or means necessary to present and exhaust her grievances, any decision regarding Plaintiff's alleged failure to exhaust her administrative remedies must be made on more complete factual record.

## II.     STANDARD OF REVIEW

Motions for judgment on the pleadings are authorized by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A "Rule 12(c) motion . . . only has utility when all the material allegations of fact are admitted in the pleadings and only questions of law remain. Granting a Rule 12(c) motion results in a determination on the merits at an early stage in the litigation, and thus this Court requires the movant to clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Inst. for Scientific Info., Inc., v. Gordon & Breach,

Sci. Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir. 1991) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

A motion for judgment on the pleadings is decided under the same standard as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Sikkelee v. Precision Airmotive Corp., 731 F. Supp. 2d 429, 430 (M.D. Pa. 2010) (citing Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)); see also Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards."). As such, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). When adjudicating a motion for judgment on the pleadings, a court should generally consider only the allegations set forth in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

## III.  **DISCUSSION**

Defendants advance a single argument in support of their motion for judgment on the pleadings:  that the Plaintiff failed to exhaust her available administrative remedies before bringing this lawsuit.  On the basis of this assertion, Defendants contend that they are entitled to judgment in their favor.  As noted, the Plaintiff contests this assertion, and maintains that she was never informed of the Lycoming County Prison's administrative remedies that were available to her during the approximately four hours she was housed at the prison on December 10, 2010, and was otherwise not provided with the means of pursuing her administrative remedies.

The Prison Litigation Reform Act requires that inmates exhaust the administrative remedies that are available to them prior to bringing suit in federal court. 42 U.S.C. § 1997e(a). Specifically, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted." Id.

Importantly for purposes of this case, "[t]he PLRA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies 'as are available.'" Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing 42 U.S.C. §

1997e(a) and Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)). The exhaustion requirement of the PLRA is absolute, except in those circumstances where no administrative remedy is available for an inmate to use. See Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). "'Available' remedies are those 'capable of use' or those 'at hand.'" Ricketts v. AW of Unicor, 2008 WL 1990897, *5 (M.D. Pa. 2008) (citing Brown, 312 F.3d at 113).

The Third Circuit Court of Appeals has clearly instructed that "[t]he availability of administrative remedies to a prisoner is a question of law." Brown, 312 F.3d at 111 (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)). Although in "appropriate cases" an inmate's failure to exhaust available administrative remedies may be raised as a basis to dismiss a complaint on the pleadings, Brown, 312 F.3d at 111, failure to exhaust is an affirmative defense that must be proven by the defendant. See Ray, 285 F.3d at 295. Moreover, "[i]f there is a question as to availability of administrative remedies, summary judgment or dismissal is inappropriate." Mendez v. Sullivan, No. 3:11-CV-287, 2012 WL 760724, *4 (M.D. Pa. Mar. 7, 2012). See also, e.g., Brown, 312 F.3d 109 (3d Cir. 2012) (dismissal inappropriate where availability of administrative remedies was disputed because prison officials told inmate to wait to file a grievance until after completion of an investigation); Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003) (district court erred by

dismissing an inmate's complaint when he claimed that administrative remedies were unavailable because prison officials denied him necessary grievance forms); Kantamanto v. King, 651 F. Supp. 2d 313 (E.D. Pa. 2009) (summary judgment inappropriate because disputed issues of material fact existed as to whether an inmate was denied access to proper forms, whether inmate knew he could appeal grievance through a letter to the Commissioner, and whether the letter was sent).

In the instant case, Defendants Bower and Rogers assert that the Plaintiff failed to exhaust the administrative remedies available at the Lycoming County Prison, but they have not offered any evidentiary proof to show that these remedies were made available to the Plaintiff. Furthermore, they have declined to respond to the Plaintiff's representations that during the very abbreviated period in which she was housed at the prison on December 10, 2010, she was never informed of the prison's grievance system or the administrative remedies that are allegedly made available to inmates, and she claims she was never provided with any writing instruments or other means of initiating an administrative remedy process. (Doc. 61)

Instead, Defendants merely refer the Court to an unpublished decision from this Court to establish that "[i]t is a matter of public record that the Lycoming County Prison has an established grievance procedure contained in the Inmate Handbook where inmates are required to provide a formal grievance in writing." (Doc. 54, at 4)

(citing Illes v. Deparlos, No. 1:CV-09-1166, 2011 WL 861712.)[1] Defendants have not filed any affidavits or other forms of proof to show that Dawn Ball was informed of this "established grievance procedure," or that this procedure was otherwise made available to her during the period of roughly three and one-half hours that Defendants agree Plaintiff was held at the prison. (Doc. 12, Answer, at 4)

Finding a lack of evidentiary support for Defendants' motion, and finding further that the Plaintiff has sufficiently disputed the availability of administrative remedies during the short time she was housed at the Lycoming County Prison, we conclude that this action should not properly be dismissed on the pleadings on the

---

[1] While we agree with the Defendants that Illes v. Deparlos, supports the general proposition that the Lycoming County Prison has a grievance policy, we note that very recent developments in this litigation also sustain Ball's view that a plaintiff must be aware of these grievance procedures and elect to forego them before the bar of failure to exhaust administrative remedies can be asserted as an affirmative defense. See Illes v. Deparlos, 447 F. App'x 391 (3d Cir. Oct. 11, 2011) (per curiam). Notably, in Illes the Third Circuit held that the prison grievance procedures at the Lycoming County Prison were unavailable to Illes, for purposes of exhaustion as a prerequisite to filing his civil rights complaint, finding that "Illes had no access to information about LCP's grievance process while he was incarcerated in the SMU in 2008 and 2009." Id. at 393. In addition, the court of appeals observed that the plaintiff had argued that he was denied an inmate handbook, which contained a description of the grievance process at the prison, and that he was denied access to writing implements, in addition to other allegations that he was misled about the prison's grievance policies. Id. at 393-94. On the basis of this record, which contained disputed issues of fact that had to be construed in the plaintiff's favor, the court of appeals vacated the district court's order granting summary judgment to the defendants on the basis of exhaustion, and remanded for further proceedings. Id.

issue of exhaustion of administrative remedies. Although it may be that Defendants will ultimately prevail on this issue in a subsequent dispositive motion, it should only be on the basis of a more fully developed record that permits Defendants to sustain their burden of proving that the Plaintiff failed to exhaust the administrative remedies that were made available to her. They have not sustained this burden in the motion pending before the Court.

## IV. **RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED THAT Defendants' motion for judgment on the pleadings (Doc. 53) be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22nd day of March 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
