IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN MARIE BALL<br>    Plaintiff | : |
| vs. | : CIVIL ACTION NO. 1:10-CV-2561 |
| LT. BOWER,<br>C.O. ROGERS,<br>WARDEN,<br>LYCOMING COUNTY JAIL,<br>JANE DOE and JOHN DOE<br>    Defendants | : CHIEF JUDGE KANE<br><br>: MAGISTRATE JUDGE CARLSON<br><br>: FILED ELECTRONICALLY |

## **AFFIDAVIT**

I, Kevin A. DeParlos, being duly sworn according to law, do depose and state as follows:

1. I am employed as the Warden of the Lycoming County Prison ("Prison") and have been so employed since December, 2005.

2. The Prison has the capacity to house 221 male inmates and 34 female inmates.

3. The Prison is operated by the Lycoming County Prison Board pursuant to 61 Pa.C.S.A. §1731.

4. I am familiar with the lawsuit filed by Dawn Ball.

5. Plaintiff was incarcerated at the Lycoming County Prison on December 10, 2010 for approximately 3 ½ hours from noon until 3:26 p.m.

6. She was transported to the Prison in anticipation of a Pre-Trial Conference scheduled before the Court of Common Pleas of Lycoming County on criminal charges stemming from an alleged assault against a Correctional Officer at SCI–Muncy.

7. Plaintiff was uncooperative, disruptive and combative from the outset of her commitment to the Prison as she was protesting being housed in the Prison.

8. Deputy Warden Brad Shoemaker and I were aware of Plaintiff's actions contemporaneous therewith and were monitoring Plaintiff's actions via reports from the Supervisors and video feed because of her disruptive behavior.

9. Deputy Warden Shoemaker notified the Court of Common Pleas of Lycoming County of Plaintiff's actions in an attempt to have her transferred to SCI-Muncy which is approximately 15 miles east of the Prison.

10. Plaintiff began acting out initially in the Intake Department at the Prison.

11. The Intake Officer called Sergeant Bower to the Intake Department as a result of Plaintiff's swearing and threats to the Intake Officer.

12. Sergeant Bower, together with Corrections Officers Rogers (male) and Wheeland (female) handcuffed and escorted Plaintiff to the Female Special Management Unit (SMU).

13. The SMU is equipped with a video camera which feed can be viewed on monitors in the Sub Control and in the Central Control of the Prison. The video feed from the female SMU is attached and made a part hereof as Exhibit "A".

14. After Plaintiff's handcuffs were removed, but before the security wicket in the SMU cell door was closed, Plaintiff spit on Sergeant Bower.

15. Sergeant Bower did not respond in any manner to Plaintiff and he closed the security wicket without further incident.

16. Almost immediately upon entering the SMU cell, Plaintiff removed her bra, panties and socks and flushed those items down the toilet.

17. Plaintiff was also observed by video camera attempting to tear part of her prison-issued pants.

18. Officers Rogers and Wheeland and Sergeant Bower went into the SMU vestibule, opened the security wicket and ordered Plaintiff to hand her pants through the security wicket.

19. Plaintiff complied with the order, but was continuously swearing, threatening the Officers and Sergeant and threatened to hurt herself during said interaction.

20. Plaintiff was removed from her cell and Officer Wheeland removed the mattress from the SMU cell due to Plaintiff's continued combative and disruptive behavior and her threats to harm staff and herself.

21. Plaintiff was then returned to the SMU cell and ordered to hand over her shirt which Plaintiff complied with the order.

22. After her cell door was closed, Plaintiff defecated close to the door of her cell.

23. Plaintiff threw feces under the door and into the security vestibule.

24. Also, Plaintiff smeared feces on the video camera and cell door window.

25. Officer Wheeland cleaned up the feces in the SMU Vestibule and placed a Flooding Protective Device at the base of Plaintiff's cell door in the event Plaintiff flooded her cell by stopping up the toilet, which is a common practice with disruptive inmates.

26. Plaintiff was then able to pull the Flooding Protective Device under her cell door and tear off a piece of it.

27. A short time thereafter, Plaintiff's Public Defender, Tricia Hoover, came to the Prison to see Plaintiff.

28. Attorney Hoover was taken into the SMU vestibule and attempted to talk to Plaintiff through the security wicket.

29. Plaintiff continued to curse and yell and would not listen to Attorney Hoover.

30. Attorney Hoover was able to view Plaintiff through the security wicket.

31. Attorney Hoover left after not being able to have a meaningful conversation with Plaintiff.

32. Approximately 18 minutes later, Officers Rogers, Stutzman and Wheeland, along with Sergeant Bower, went into Plaintiff's SMU cell, handcuffed her, removed her to the SMU vestibule, cleaned the video camera and door window and searched her cell to make sure there was nothing in the cell she could use to harm herself.

33. The female SMU Vestibule is isolated and other inmates cannot see into the vestibule.

34. Plaintiff was then placed back into the SMU cell and her handcuffs were removed through the security wicket.

35. During said interaction, Plaintiff was continuously cursing and making threats against the Officers and threats to harm herself.

36. Within a short period of time, Plaintiff again defecated inside the cell door and again threw feces onto the video camera lens and smeared it on the door window.

37. At the request of Deputy Warden Shoemaker, Officers Rogers and Wheeland, together with Sergeant Bower, re-entered the SMU Vestibule and asked Plaintiff, through the security wicket to hand out her eyeglasses so that she could not use them to hurt herself.

38. Plaintiff complied with the request and handed her eyeglasses out through the security wicket.

39. Plaintiff remained combative and threatening during the interaction.

40. Approximately 10 minutes after retrieving her eyeglasses, Officer Wheeland looked through the security wicket and found Plaintiff standing on the sink with a piece of material tied around her neck which was tied to the air vent in her cell.

41. After calling for backup on her radio, Officer Wheeland talked to Plaintiff through the security wicket and convinced her to untie the material from around her neck.

42. Plaintiff was then removed from the cell into the SMU Vestibule, the material cut down, the video camera lens was again cleaned and Plaintiff was returned to her SMU cell.

43. Lycoming County Common Pleas Judge Marc F. Lovecchio, executed an Order on December 10, 2010 at around 3:12 ordering Plaintiff to be moved from the Lycoming County Prison to SCI-Muncy as a result of her combative behavior. A copy of the Court Order is attached hereto and made a part hereof as Exhibit "B".

44. Plaintiff was then given a prison-issued jumpsuit, taken to the Intake Department of the Prison, given a spit protector to wear and turned over to the Lycoming County Sheriff's Department for transfer to SCI-Muncy.

45. Deputy Warden Shoemaker and I obtained reports from Officer Rogers, Officer Wheeland and Sergeant Bower, copies of which are attached as Exhibits "C", "D" and "E".

46. In addition, Sergeant Bower wrote and Extraordinary Occurrence Report on December 13, 2010, a copy of which is attached as Exhibit "F".

47. I reviewed all of the available video feed and determined that at no time did any Officer punch or otherwise assault Plaintiff.

48. In light of Plaintiff's extreme difficult and combative behavior, I believe the Officers and Sergeant Bower acted professionally and controlled.

49. Although Sergeant Bower had a taser ready for use at all times while Plaintiff was out of her cell, Sergeant Bower did not discharge the taser at any time.

50. Furthermore, it appears from the video feed that at all times the Officers and Sergeant Bower handled the removal of Plaintiff's handcuffs appropriately through the security wicket.

51. The act of handcuffing inmates as they are removed from the SMU cell is a security measure used on all SMU inmates.

52. Plaintiff's actions necessitated handcuffing and uncuffing her several times while in the SMU cell.

53. It is possible that Plaintiff scraped her forearm during the handcuffing or uncuffing process, however, none of the Officers nor Sergeant Bower pulled Plaintiff's arms through the security wicket in a violent or inappropriate manner.

54. Although Plaintiff made allegations in her Complaint that she was punched in the face, it does not appear from any of the video feed that there were any marks on her face.

55. In addition, as Plaintiff was being escorted into the SMU cell, she was wearing her eyeglasses which were not broken or askewed on her face as they would have been if in fact she had been punched in the face as she has alleged.

56. Plaintiff retained her eyeglasses in SMU until after she began threatening to harm herself, at which time they were removed for her safety.

57. Plaintiff's eyeglasses were returned to her as she was leaving the Prison.

58. Furthermore, the video demonstrates Plaintiff did not appear to be in any pain or distress as she was escorted into the Female SMU cell as she would have been if in fact she had been hit or punched in the face as she alleges.

_____
Kevin A. DeParlos, Warden


Sworn and subscribed before me
this 27th day of November, 2012.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kelly L. Baier, Notary Public
City of Williamsport, Lycoming County
My Commission Expires May 17, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

*Commitment to Client and Community*
**McNERNEY, PAGE, VANDERLIN & HALL**
*Attorneys and Counsellors at Law*

| | | |
|---|---|---|
| George V. Cohen<br>Michael H. Collins<br>Marc F. Demshock<br>Peter G. Facey<br>T. Max Hall<br>Benjamin E. Landon<br>Thomas C. Marshall<br>Robin A. Read<br>N. Randall Sees<br>Ryan M. Tira<br>Heather R. Willis<br>Levi I. Woodward | 433 Market Street<br>P.O. Box 7<br>Williamsport, PA 17703<br><br>Phone: 570-326-6555<br>Fax: 570-326-3170<br>www.mpvhlaw.com | Of Counsel<br>Garth D. Everett*<br>* PA House of Representatives<br>Don M. Larrabee, II (Retired)<br><br>Joseph M. McNerney 1939-1967<br>Allen P. Page, Jr. 1949-1975<br>O. William Vanderlin 1950-1999<br>Charles J. McKelvey 1969-2000<br><br>Office email: mpvh@mpvhlaw.com<br>Direct email: rread@mpvhlaw.com |

December 3, 2012

**SENT VIA UPS OVERNIGHT MAIL**

Clerk's Office
**FEDERAL UNITED STATES COURTHOUSE**
228 Walnut Street,
P.O. Box 983
Harrisburg, PA 17108

    Re:    Dawn Marie Ball vs. Lt. Bower et al
             Case No.: 1:10-CV-2561

Dear Sir/Madam:

    As counsel for the Defendants in the above referenced matter, I filed a Motion for Summary Judgment and a Brief in Support thereof on December 3, 2012. Therein, I had referenced attached video tape recordings of various incidents occurring at the Lycoming County Prison, and had intended to submit the video recordings electronically. However, due to technical difficulties in converting the recordings into an electronic file, I could not file the video recordings with the Motion or Brief. Therefore, herein you will find two (2) copies of the CDs containing the incidents occurring on December 10, 2010 in various locations within the Lycoming County Prison.

If you have any questions in this regard, please do not hesitate to contact me.

                                  Very truly yours,

                                  McNerney, Page, Vanderlin & Hall

                                  Robin A. Read

RAR/kec
Enclosure

*Exhibit "A"*

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH : No. CR-979-2010
vs. :
:
DAWN BALL, :
    Defendant :

## ORDER

AND NOW, this 10th day of December 2010, it being evident to the Court that the Defendant is either not willing or capable of disposing of her case via a plea which could be tendered on December 14, 2010, the date of Defendant's pretrial, and it being further evident that defense counsel will be filing a Motion to Determine Competency, the Sheriff of Lycoming County is directed to return the Pennsylvania Department of Corrections (DOC) at SCI – Muncy and for Defendant to remain in the custody of the DOC until further ordered.

An appropriate Transportation Order shall be entered in the future depending upon the status of the case.

By The Court,

_____
Marc F. Lovecchio, Judge

cc: CA; PD; DA;
    Prison (fax no] 321-9859)
    SCI – Muncy
    Sheriff
    President Judge Butts

1

Exhibit "B"

# LYCOMING COUNTY PRISON
277 WEST THIRD STREET
WILLIAMSPORT, PA 17701



## INMATE INCIDENT REPORT

[ ] Security  [X] Infraction  [ ] Informational  [ ] Medical

Page 1 of __

| NAME OF INMATE | INMATE NUMBER | DATE OF BIRTH | CELL NUMBER | STATUS OF INMATE |
|---|---|---|---|---|
| Ball, Dawn | | | | [ ] SENTENCED [ ] UNSENTENCED [ ] OTHER |

**CHARGES:** 1) Threats of bodily harm 25) Disruption of Prison Routine 2) Assault 29) Disrespect to staff 3) Damaging county property 55) Failure to follow sanitation regulations 4) Covering camera & cell window

**DATE/TIME OF INCIDENT:** 12/10/10  1345hrs  [ ] AM [ ] PM

**INCIDENT LOCATION:** Female SMU Cell #83

**DESCRIPTION OF EVENTS:**
On above date and approximate time inmate Ball, Dawn was placed in handcuffs and escorted to Female SMU by the below listed staff. Inmate Ball was very combative and disrespectful to staff by swearing and making threats of bodily harm. Once inmate Ball was placed in Female SMU cell #83 her handcuffs were removed and before the security wicket could be shut inmate Ball assaulted Sgt. Bower by spitting on him. Inmate Ball continued to be disruptive throughout the remainder of first shift by spreading feces, destroying county property and making a suicide attempt, covering her camera and cell window.

[ ] CONTINUED

**SIGNATURE OF REPORTING STAFF:** [signature]
**TYPE OR PRINT NAME AND TITLE:** C.O. J. Rogers

**REPORT DELIVERED TO INMATE BY:** _____  **DATE DELIVERED:** _____  **TIME DELIVERED:** _____

**WITNESSES:**
Sgt. Bower
C.O. Rogers
C.O. Wheeland
C.O. Sturman
Camera footage

**STAFF RESPONDING:**
Sgt. Bower
C.O. Rogers
C.O. Wheeland
C.O. Sturman

**DAMAGED PROPERTY:** County issued clothing

**RESTITUTION AMOUNT:** _____

**OTHER INMATE IN CELL:** _____

**MEDICAL ATTENTION REQUIRED:** __ YES __ NO  Attending Medical Staff: _____
**Description of Injuries:** _____

Exhibit "C"

## LYCOMING COUNTY PRISON
277 WEST THIRD STREET
WILLIAMSPORT, PA 17701

### INMATE INCIDENT REPORT

☐ Security   ☐ Infraction   ☑ Informational   ☐ Medical          Page 1 of __

**NAME OF INMATE:** Dawn Ball
**INMATE NUMBER:**
**DATE OF BIRTH:**
**CELL NUMBER:**
**STATUS OF INMATE:** ☐ SENTENCED   ☐ UNSENTENCED   ☐ OTHER

**CHARGES:**

**DATE/TIME OF INCIDENT:** 12/10/10   2:30  ☑ PM

**INCIDENT LOCATION:**

**DESCRIPTION OF EVENTS:**
At this time, while doing my 2:30pm Count, I observed Ball standing on the sink with something tied around her neck and tied to her vent. At first I thought it was her hair (a pony tail) I called for back-up via radio. On looking again I noticed that this was clothed tied around Ball's neck. I began speaking to Ball asking her to please untie the rope from her neck as we (LCP) were working on trying to get her out of this facility. Ball did begin speaking to me about this, she did fineally untie the matereal from her neck and climb down from the sink.
   Afterwards I asked inmate Ball where she had the material, she stated that "she had it inside her"

☐ CONTINUED

**SIGNATURE OF REPORTING STAFF:** CO I Joyce Wheeland
**TYPE OR PRINT NAME AND TITLE:** CO I Joyce Wheeland
**REPORT DELIVERED TO INMATE BY:**
**DATE DELIVERED:**
**TIME DELIVERED:**

**WITNESSES:**

**STAFF RESPONDING:**
Sgt. Bower
C.O. Rogers
C.O. Stutzmall

**DAMAGED PROPERTY:**

**RESTITUTION AMOUNT:**

**OTHER INMATE IN CELL:**

**MEDICAL ATTENTION REQUIRED:** ☐ YES  ☐ NO   Attending Medical Staff:
**Description of Injuries:**

Exhibit "D"

## LYCOMING COUNTY PRISON
277 WEST THIRD STREET
WILLIAMSPORT, PA 17701

### INMATE INCIDENT REPORT

[ ] Security  [ ] Infraction  [xx] Informational  [ ] Medical     Page 1 of 2

| NAME OF INMATE | INMATE NUMBER | DATE OF BIRTH | CELL NUMBER | STATUS OF INMATE |
|---|---|---|---|---|
| Ball, Dawn Marie | FW-58914 | 05/18/1970 | FSMU-83 | [xx] SENTENCED |

| CHARGES | DATE/TIME OF INCIDENT |
|---|---|
| Assualt | 12/10/10 [ ] AM |
| Disrespect towards staff | 1:25 [xx] PM |
| Disruption of Prison routine | [ ] UNSENTENCED |
| Destroying county property | [ ] OTHER |

INCIDENT LOCATION: Intake, Sub#3 FSMU-83

**DESCRIPTION OF EVENTS**

On the above date and approx. time this writer was asked to report to Intake. Upon arrival CoI J. Miller reported to this writer that he was having a problem with a new commit. D. Ball. He stated that Ball was not happy about us taking her papers and stuff that she had brought from another institution. As I approched Inmate Ball she became very loud and obnoxious and started demanding and telling me what she was and wasn't going to do. At this point myself, CoI J. Rogers, and CoI j. Wheeland (fem) escorted inmate Ball down to the female unit to cell FSMU-83. As we uncuffed her and was closing the piehole she spit at this writer hitting me in the stomach with spray. After closing the piehole she starting cursing and swearing at us calling us Mother Fuckers and Cock Suckers. We then left the FSMU unit and returned to or other duties of the day. Approx. 10mins. later this writer was called back down to FSMU-83 because inmate Ball was ripping up her uniform and had already flushed her bra and panties down the toilet. She was then stripped of her clothing and left naked in her cell. At this time as we were leaving the area inmate ball had smeared feces on the camera and her cell door, we then reentered her cell and CoI Rogers and CoI Wheeland cleaned off her camera and cell door. As we were leaving inmate Ball resmeared her camera and cell door with feces, this writer then decided to let her cell go at this time and we would clean it at a later time. We then put a cell flooding protector in front of her door so so in case she would flood her cell the rest of the dayroom [x] CONTINUED

SIGNATURE OF REPORTING STAFF: J. Bower
TYPE OR PRINT NAME AND TITLE: J. David Bower  Sergent

REPORT DELIVERED TO INMATE BY: _____  DATE DELIVERED: _____  TIME DELIVERED: _____

WITNESSES:
CoI J. Miller
CoI J. Rogers
CoI J. Wheeland
CoI B. Snyder

STAFF RESPONDING: CoI J. Roges, CoI J. Wheeland

DAMAGED PROPERTY: Prison Uniform

RESTITUTION AMOUNT: unk.

OTHER INMATE IN CELL: none

MEDICAL ATTENTION REQUIRED: [ ] YES  [✓] NO    Attending Medical Staff: _____

Description of Injuries: _____

Exhibit "E"

Kevin A. DeParlos
Warden

Phone: 570-326-4623
Fax: 570-321-9859

Brad A. Shoemaker
Deputy Warden, Security & Operations

Timothy J. Mahoney
Deputy Warden, Treatment



**LYCOMING COUNTY PRISON**
277 West Third Street
Williamsport, PA 17701

Pg. 2

Continued,

would not be affected. At this time she was able to pull the device under her cell door and tear it apart and use the stuffing as clothes. We then reentered her cell to retrieve what was left of the device. As we were in the cell CoI Rogers and CoI Wheeland cleaned her camera and door off from the smeared feces again. All the while she was very combative and swearing again calling us fuckers and fat fuckers. At this time she was left with absolutly nothing in her cell. The Deputy Warden then asked if we would go down to her cell and take her glasses from her so she wouldn't have anything to use to do anthing to us or herself or hurt herself or us. As we were taking her glass she told us to tell the Deputy Warden that he was an asshole and that she would kill herself, she also told us to tell him to go Fuck Himself. Approx. 15 to 20 mins. later we were called to the cell again that she was trying to hang herself. As we approached her cell CoI Wheeland was in the process of talking her down from hanging herself. and was successful. We then got word that the Sheriffs dept was here to take her to Muncy State Prison to be held there instead of here. She was actually their inmate not ours. Inmate Ball was then brought to Intake and a spit mask was put on her and she was prepared for her trip to Muncy Prison. She was then escorted out of the Building. Be advised that during all of this the Public Defender was summond to the Prison to talk with inmate Ball but she had no luck in doing so Inmate Ball Screamed the whole time the Public Defender was trying to talk with her. Inmate Ball was screaming that we hit her and punched her and also broke her wrists while she was here and she also told the Public Defender she was going to kill herself. All of this from when she entered the building to when she left the building was a 2 hour time span.

DC-123C

| COUNTY REPORT OF EXTRAORDINARY OCCURRENCE |  COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS OFFICE OF COUNTY INSPECTION AND SERVICES 2520 LISBURN ROAD CAMP HILL, PA 17011 |
|---|---|

thority:
The Administrative Code Act of April 9, 1929 P.L 177 (71 PS - 582 - 5), Sections 2303 and 2304 as amended by Reorganization Plan No.5 of 1955, P.L. 2048 (71 PS-751-5)

Act No.348, approved December 2,1965,P.L. 1140,section 1
31 PS 31)

INSTRUCTIONS :
1) Reports must be made on all extraordinary occurrences or incidents affecting prisoners
2) Mail reports to the address above and keep a copy for file
3) Complete all items, using section 12 or additional paper as necessary

REPORTING COUNTY PRISON: Lycoming County Prison     2. Date this report was completed: 12/13/2010
Official in charge of reporting facility: Kevin a. Deparlos    4. Title: Warden

Type of Extraordinary Occurrence (Check applicable block or blocks)

[x] Suicide or Attempt
[ ] Escape or Attempt
[ ] Homicide or Attempt
[ ] Death

[ ] Fire (Major)
[ ] Fire (minor)
[ ] Serious Injury
[ ] Physical force on Inmate

[ ] Riot or Destructive Rebellion
[ ] Assaults on Staff by inmates
[ ] Assaults on Inmates by Inmates
[ ] Use of Restraints (other than Transport) Mace, Gas
[ ] Use of Restraints for Pregnant Females

[ ] Infectious Diseases (other than HIV Positive)
[ ] Other (Explain)

Date(s) of Extraordinary Occurrence Above
7. Time(s) of Extraordinary Occurrence Above

| Name(s) of Inmate(s) Involved in Above Extraordinary Occurrence | Age | Date Admitted | Admission Offense or charge | Sentence or Detention Status |
|---|---|---|---|---|
| Ball, Dawn Marie | 40 | 12/10/10 | writ return from State Prison (assualt) | |

If the Extraordinary Occurrence is a Natural Death, Report the Following:

) Official Cause of Death   N/A
(D) Name of Examining Physician   N/A
) Did Deceased Give Any Signs of Illness on Admission?   [ ] YES   [x] NO   N/A
(E) Was Deceased Examined by a Physician after Admission?   [ ] YES   [ ] NO   N/A
) How Long after Admission
(F) Name of Examining Physician

). Describe The Extraordinary Occurrence In Detail, Continuing on Back if Necessary

On December 10, 2010 We received A one Dawn Ball, she was a writ return from State Prison (Cambridge Springs). When it was time to Commit her she began to get combative. All during this time she, spit on this writer, she threw feces out of her cell towards staff, she destroyed county issue clothing. This was all in about an hour and a half. We then went into her cell to retrieve her glasses afte doing so she threatened to kill herself, we then exited the cell. About 20 mins. later back-up was called to her cell, she was standing on her toilet with apiece of torn uniform tied around her vent and the other end wrapped around her throat. COI Wheeland was in the process of talking her down when we arrived at her cell. CoI Wheeland was successful in talking her down from the toilet. Inmate ball then was taken from our institution and sent to S.C.I. Muncy. S.C.I. MUncy was made aware of the suicide attempt before her transfer.
Let it be known that prior to her attempting suicide everything was taken from her cell and she was stripped naked because of her threat. we believe that she had the piece of uniform stuffed in her vagina.

Exhibit "F"

0. Description of Extraordinary Occurrence ( Continued )
# of additional pages attached

---

1. Injuries or Damages Resulting from Extraordinary Occurrence

Inmate Jumpsuit.

---

2. Are Written Reports of Incident on file at Facility ?   YES or NO   ( circle one )
Are Video Records of Incident on File at Facility ?   YES or NO   ( circle one )

---

| 13. Typed Name of Reporting Official | Signature | Title |
|---|---|---|
| J. David Bower  Sergeant | [signature] | Sergeant |