IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN MARIE BALL<br>    Plaintiff | : |
| vs. | : CIVIL ACTION NO. 1:10-CV-2561 |
| LT. BOWER,<br>C.O. ROGERS,<br>WARDEN, | : CHIEF JUDGE KANE |
| LYCOMING COUNTY JAIL,<br>JANE DOE and JOHN DOE | : MAGISTRATE JUDGE CARLSON |
|     Defendants | : FILED ELECTRONICALLY |

## AFFIDAVIT

I, Tricia D. Hoover, Esquire, being duly sworn according to law, do depose and state as follows:

1. I am an Attorney licensed to practice law in Pennsylvania and am currently employed by Miele & Rymsza, P.C.

2. Previous to my current employment, I was employed by the Lycoming County Public Defender's Office as an Assistant Public Defender from March 8, 2010 to May 15, 2012.

3. In my capacity as an Assistant Public Defender, I had represented Dawn Ball in 2010.

4. Dawn Ball had been a convicted state inmate housed at SCI-Muncy but was charged on December 2, 2009 with Aggravated Harassment by Prisoner, Simple Assault and Harassment – Subject Other to Physical Contact ("Criminal Charges") as a result of an incident occurring at SCI – Muncy. The Criminal Charges were filed in the Court of Common Pleas of Lycoming County to No.

CR-979-2010. A copy of the Court Docket is attached hereto and made a part hereof as Exhibit "A".

5. As a result of her alleged criminal actions at SCI-Muncy, Plaintiff was housed at SCI-Cambridge Springs.

6. As the Pre-Trial Hearing scheduled for December 14, 2010 approached on the Criminal Charges, Plaintiff was transported to the Lycoming County Prison on December 10, 2010, which is within two blocks of the Lycoming County Courthouse.

7. I visited Plaintiff on December 10, 2010 at the Lycoming County Prison to discuss the Pre-Trial Hearing and the potential for a plea agreement.

8. Because of her acting out at the Prison, she was not able to come to the Attorney's Visitation Rooms at the Prison.

9. Instead, I was asked by the Correctional Staff at the Prison if I wanted to see Dawn Ball in her SMU cell, which I agreed to do.

10. I was escorted to the Female SMU Vestibule and attempted to talk to Dawn Ball through the security wicket.

11. While I was there, Dawn Ball was cursing, yelling, screaming, and crying.

12. Dawn Ball had indicated to me that she had been punched in the face.

13. I was able to see Dawn Ball through the security wicket, which is a small opening in the cell door.

14. I had a limited view through the security wicket and my stance several feet away, but it did not appear that Dawn Ball had any marks on her face.

15. Dawn Ball was wearing her glasses at the time I spoke with her through the SMU security wicket.

16. The glasses did not appear to be broken or bent.

17. While I was in the Female SMU Vestibule trying to talk to Dawn Ball, she was not rational and would not stop screaming or yelling.

18. As the result of the behavior I observed, I left the Lycoming County Prison and filed a Petition with the Court of Common Pleas of Lycoming County questioning Dawn Ball's competency to stand trial on December 10, 2010. A copy of the Petition for Psychiatric Examination to Determine Competency to Proceed and Legal Sanity is attached hereto and made a part hereof as Exhibit "B".

19. The Lycoming County Court granted the Petition and ordered Dawn Ball to undergo a Psychiatric Examination to determine her competency to stand trial on December 10, 2010. A copy of the Court Order is attached hereto and made a part hereof as Exhibit "C".

20. I subsequently left the employ of the Lycoming County Public Defender's Office and Dawn Ball's case was handed over to another attorney.

_____
Trisha D. Hoover, Esquire

Sworn and subscribed before me
this ___ day of November, 2012.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PAMMY L. TOSEKI, Notary Public
City of Williamsport, Lycoming County
My Commission Expires April 16, 2013

```
Case No 2010-00979 C
COMMONWEALTH OF PENNSYLVANIA (VS) DAWN BALL
```

| Date Filed | SHERIFF'S RETURN |
|---|---|
| 6/02/11 | HABEAS CORPUS AD RPOSEQUENDUM ISSUED. JUNE 28, 2011 THROUGH TRIAL TERM AUGUST 18, 2011. |
| 7/05/11 | THIS ORDER HAS BEEN CANCELED. |
| 7/18/11 | HABEAS CORPUS AD PROSEQUENDUM ISSUED. SEPTEMBER 2, 2011 JUDGE BUTTS |
| 9/04/11 | ORDER HAS BEEN CANCELED BY ATTORNEY FOR DEFENDANT. |
| 9/19/11 | HABEAS CORPUS AD PROSEQUENDUM ISSUED. HEARING: OCTOBER 12, 2011 FOR JURY SELECTION. |
| 9/19/11 | ORDERED HAS BEEN CANCELED. |
| 12/22/11 | HABEAS CORPUS AD PROSEQUENDUM ISSUED. JANUARY 11 2012. |
| 1/10/12 | AT 10:00 A.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM SCI MUNCY AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT THE LYCOMING COUNTY PRSION FOR THE PURPSOSE OF A HEARING SCHEDULED FOR JANUARY 11, 2012 AS I WAS DIRECTED SO TO DO. BY: ANDREW BOYER AND CURTIS ULMER, DEPUTYS. |
| 1/11/12 | AT 10:00 A.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM THE LYCOMING COUNTY PRISON AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT SCI MUNCY AS I WAS DIRECTED SO TO DO. BY: BRIAN ROCKWELL, MATTHEW KULA, JASON SPARKS, KATHIE SHEETS AND ANDREW BOYER, DEPUTYS. COSTS: $46.86. |
| 6/04/12 | COMMITMENT ISSUED. HEARING: JUNE 28, 2012 AT 10:00 A.M. #4. |
| 6/28/12 | AT 9:55 A.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM SCI MUNCY AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT THE LYCOMING COUNTY PRISON FOR THE PURPOSE OF A HEARING SCHEDULED FOR JUNE 28, 2012 AT 10:00 A.M. IN COURTROOM #4 AS I WAS DIRECTED SO TO DO. BY: MATTHEW KULA AND ANDREW BOYER, DEPUTYS. |
| 6/28/12 | AT 1:15 P.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM THE LYCOMING COUNTY PRISON AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT SCI MUNCY AS I WAS DIRECTED SO TO DO. BY: MATTHEW KULA AND ANDREW BOYER, DEPUTYS. COSTS: $37.86. |
| 8/07/12 | HABEAS CORPUS AD PROSEQUENDUM ISSUED. JURY SELECTION AUGUST 21, 22 AND 23RD, 2012. |
| 8/17/12 | AT 9:00 A.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM SCI MUNCY AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT THE LYCOMING COUNTY PRISON FOR THE PURPOSE OF JURY SELECTION SCHEDULED FOR AUGUST 21ST AND 22ND AS I WAS DIRECTED SO TO DO. BY: MATTHEW KULA AND CURTIS ULMER, DEPUTYS. |
| 8/22/12 | AT 1:00 P.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM THE LYCOMING COUNTY PRISON AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT SCI MUNCY AS I WAS DIRECTED SO TO DO. |

Exhibit "A"

```
No. 2010-00979 C
COMMONWEALTH OF PENNSYLVANIA (VS) DAWN BALL
```

|  |  |
|---|---|
|  | BY: KATHIE SHEETS AND BRIAN ROCKWELL, DEPUTYS.<br>COSTS: $37.86. |
| 8/29/12 | COMMITMENT ISSUED. HEARING: SEPTEMBER 4, 2012 AT 3:30 P.M. COURTROOM #4. |
| 8/30/12 | HABEAS CORPUS AD PROSEQUENDUM ISSUED. HEARING: SEPTEMBER 20, 2012 JUDGE LOVECCHIO. |
| 9/04/12 | AT 9:00 A.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM SCI MUNCY AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT THE LYCOMING COUNTY PRISON FOR THE PURPOSE OF A HEARING SCHEDULED FOR SEPTEMBER 4, 2012 AT 3:30 P.M. IN COURTROOM #4 AS I WAS DIRECTED SO TO DO. BY: JASON SPARKS AND MATTHEW KULA, DEPUTYS. |
| 9/04/12 | AT 3:00 P.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM THE LYCOMING COUNTY PRISON AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT SCI MUNCY AS I WAS DIRECTED SO TO DO. BY: CURTIS ULMER AND ERIC SPIEGEL, DEPUTYS. COSTS: $37.86. |
| 8/30/12 | HABEAS CORPUS AD PROSEQUENDUM ISSUED. HEARING: SEPTEMBER 20, 2012 COURTROOM #4 (CHRISTINA D. WILSON) |
| 9/20/12 | AT 7:30 A.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM SCI MUNCY AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT THE LYCOMING COUNTY PRISON FOR THE PURPOSE OF A HEARING SCHEDULED FOR SEPTEMBER 20, 2012 IN COURTROOM #4 AS I WAS DIRECTED SO TO DO. BY: MARK LUSK, SHERIFF AND TIMOTHY NELSON, DEPUTY. |
| 9/20/12 | AT 10:06 A.M. I TRANSPORTED THE WITHIN NAMED WITNESS CHRISTINA D. WILSON FROM SCI MUNCY AND PLACED HER IN THE CUSTODY OF THE AUTHORITIES AT THE LYCOMING COUNTY PRISON FOR THE PURPOSE OF A HEARING SCHEDULED FOR SEPTEMBER 20, 2012 IN COURTROOM #4 AS I WAS DIRECTED SO TO DO. BY: CODY LEPLEY AND ERIC SPIEGEL, DEPUTY. |
| 9/20/12 | AT 5:00 P.M. I TRANSPORTED THE WITHIN NAMED DEFENDANT DAWN BALL FROM THE LYCOMING COUNTY PRISON TO SCI MUNCY AS I WAS DIRECTED SO TO DO. BY: CODY LEPLEY AND ERIC SPIEGEL, DEPUTYS. COSTS: $37.86. |
| 9/20/12 | AT 5:00 P.M. I TRANSPORTED THE WITHIN NAMED WITNESS CHRISTINA D. WILSON FROM THE LYCOMING COUNTY PRISON TO SCI MUNCY AS I WAS DIRECTED SO TO DO. BY: CODY LEPLEY AND ERIC SPIEGEL, DEPUTYS. COSTS: $37.86. |

SO ANSWERS,

*R. Mark Lusk* (signature)

R. MARK LUSK, SHERIFF

*Cody Lepley* (signature)

BY: CODY LEPLEY, DEPUTY

## COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA
## MOTION COVER SHEET

Commonwealth

Docket No. 979-2010

vs.

Case assigned to Judge
☐ none
☐ Family Court Hearing Officer

Dawn Ball

1. Name of filing party: Trisha D. Hoover, Esq.

2. Filing party's attorney: Trisha D. Hoover, Esq.

3. Type of filing: Petition for Competency

| 4. The following is/are requested:<br>☐ Argument<br>☒ Evidentiary Hearing<br>☐ Court conference<br>☐ Rule to show cause<br>☐ Entry of uncontested order<br>   (attach supporting documentation)<br>☐ Expedited consideration. State the basis:<br><br>☐ Attach this cover sheet to original motion previously filed on:<br><br>5. Time required: 30 minutes | 6. Name and addresses of filing and all counsel of record and unrepresented parties:<br><br>District Attorney's Office<br><br>Trisha D. Hoover, Esq.<br>Public Defender's Office<br><br><br>☐ Continued on separate sheet. |

## ORDER

1. ___ An ___ argument ___ factual hearing ___ court conference is scheduled for _____
   at _____ M. in courtroom no. ____, Lycoming County Courthouse, Williamsport, PA.

2. ___ Briefs are to be filed by the following dates:
   Filing party_____.
   Responding party(ies)_____.

3. ___ A rule is issued upon respondent to show cause why the petitioner is not entitled to the relief requested.

4. ___ A response to the motion/petition shall be filed within _____ days.

5. _X_ Other _see attached order_____.

_____ 12/10/2010
Judge                               Date

cc: ALL PARTIES OR OTHERS TO BE SERVED WITH NOTICE MUST BE DESIGNATED IN "6." ABOVE.

Exhibit "B"

IN THE COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA

COMMOMWEALTH OF PENNSYLVANIA   : NO. 979-2010

                    VS.  :

DAWN BALL   :

## PETITION FOR PSYCHIATRIC EXAMINATION TO DETERMINE COMPETENCY TO PROCEED AND LEGAL SANITY

AND NOW, comes the Petitioner, Trisha D. Hoover, Esquire, Attorney for the above named Defendant, and respectfully represents the following:

1. The Defendant is charged under the above captioned information with Aggravated Harassment by a Prisoner, Simple Assault, and Harassment.

2. The Defendant is currently serving a state sentence on other unrelated charges and is incarcerated in the State Correctional Institution at Cambridge Springs.

3. On December 10, 2010, Defendant was transported to the Lycoming County Prison due to a Pre-Trial Conference scheduled for December 14, 2010.

4. In the approximate one hour, Defendant has been incarcerated at the Lycoming County Prison, she allegedly spit on a Correctional Officer and smeared feces all over her cell.

5. Petitioner visited Defendant at the Lycoming County Prison in the Speical Medical Unit in an attempt to discuss Defendant's case with her to see if the case could be resolved this date due to her behavior.

6. While at the prison, this Petitioner found the cell door and window to be covered in feces.

7. Petitioner attempted to speak to Defendant to which Defendant only responded with curses, allegations against prison staff, and threatened to kill herself.

8. As a result, Counsel was unable discuss the charges, nature of the upcoming hearing, or any other matter with the Defendant.

9. The Petitioner believes that the Defendant has a history of mental illness.

10. The Petitioner believes that the Defendant is not competent to proceed, based upon behavior.

11. The Petitioner believes that the Defendant is unable to substantially participate and assist in her own defense.

12. The Petitioner further requests funds for the examination because the Defendant is indigent.

WHEREFORE, the Petitioner Prays this Honorable Court to schedule hearing where she can testify to facts to call into question the Defendant's competency to proceed, as well as her sanity at the time of the alleged offense, and Order that costs of such examination shall be placed on Lycoming County.

Date: December 10, 2010

Respectfully submitted,

Trisha D. Hoover, Esq.
ID No. 206557
Attorney for Defendant

xc: Trisha D. Hoover, Esq.
    DA

*[handwritten]* ☆ subsequent to the filing of this petition, Defendant attempted suicide.

IN THE COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA

COMMOMWEALTH OF PENNSYLVANIA : NO. 929-2010

         VS.                                  :

DAWN BALL                               :

## ATTORNEY VERIFICATION

I, Trisha D. Hoover, hereby verify that the statements contained in this, the Defendant's motion to determine competency are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A., Section 4904 relating to unsworn falsification to authorities.

## PROOF OF SERVICE

I hereby certify that on September 16, I served a copy of the Defendant's motion to determine competency on the District Attorney by placing a copy in his mailbox located in the mailroom of the Lycoming County Courthouse, 48 West Third Street, Williamsport, PA 17701, which satisfies the requirements of the Lycoming County Rules of Procedure, L440.

                                                                      _____
                                                             Trisha D. Hoover, Esquire, ID # 206557
                                                                   Attorney for the Defendant

IN THE COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA

COMMOMWEALTH OF PENNSYLVANIA  : NO. 979-2010

VS.  :

DAWN BALL  :

## ORDER

AND NOW, this 10th day of December, 2010, upon motion of the Attorney for the Defendant, without objection from the Commonwealth, it is hereby **Ordered** and **Directed** as follows:

An incompetency/insanity examination pursuant to 50 Pa.C.S. Section 7402 shall be conducted by a psychiatrist from Torrance State Hospital Forensic Unit. A copy of Section 7402 is attached hereto for the benefit of the psychiatrist who will conduct the examination. The Defendant shall be committed to Torrance State Hospital for up to 60 days pursuant to this Order or in the alternative, a psychiatrist from Torrance State Hospital shall meet with the Defendant at the Muncy State Correctional Institution or Cambridge Springs Correctional Institution for purposes of the examination. A copy of this Order shall be provided to the state hospital. The sheriff of Lycoming County is directed to arrange transport of the Defendant to the state hospital for purposes of the examination, and upon notification from the hospital that the examination has been completed, to return the Defendant to the Muncy State Correctional Institution or Cambridge Springs Correctional Institution or in the alternative, Muncy State Correctional Institution or Cambridge Springs Correctional Institution shall admit the examining psychiatrist for purposes of conducting the examination.

Exhibit "C"

The Defendant has been charged with Aggravated Harassment by Prisoner, Simple Assault, and Harassment. The examination shall be conducted with a view to providing, and the report shall contain, the following:

1. A diagnosis of the Defendant's mental condition, if any;

2. An opinion concerning the Defendant's capacity to understand the nature and object of the criminal proceedings against her and her capacity to assist in her defense;

3. An opinion concerning the Defendant's mental condition in relation to the standards for criminal responsibility (criminal insanity).

Within twenty (20) days of receipt of the report, the court will schedule a further hearing to determine the issue of competency.

Copies of the charges and affidavits of probable cause are attached to provide the examiner with information regarding the alleged facts supporting the charges.

During the process of determining the Defendant's competency, the Defendant is deemed unavailable for trial pursuant to Rule 600. The preliminary hearing in this matter shall be stayed pending a determination of the Defendant's competency.

BY THE COURT,

Nancy L. Butts, President Judge

xc: PD (TH)
DA
SCI – Muncy
SCI – Cambridge Springs
Joseph Radley, MH/MR – w/ attachments
Torrance State Hospital (via Joseph Radley) w/ attachments
Sheriff