## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL,** | : | **Civil No. 1:10-CV-2561** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. BOWER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM OPINION</u>

### I.       <u>Statement of Facts and of the Case.</u>

The plaintiff, Dawn Ball, is a state prisoner and a prodigious federal court litigant. Ball is also a prodigiously unsuccessful litigant, who has had numerous prior lawsuits dismissed, either for failure to exhaust her administrative remedies, or as frivolous on the grounds that the lawsuit failed to state a claim upon which relief could be granted.

It is against this backdrop that Ball instituted the current lawsuit. Ball's *pro se* civil rights complaint, which was filed on December 17, 2010, provided a paradigm of the problems which seem to plague this inmate. (Doc. 1.) According to Ball's complaint, these civil rights violations arose out of an extremely brief period of incarceration in the Lycoming County Jail on December 10, 2010. (Id.) This period of imprisonment was exceedingly brief, as Ball acknowledges: "I was only there for maybe 3 or 4 hours, tops." (Id.) Yet, in that short span of time Ball managed to: (1)

become embroiled in a "belligerent" exchange with an unidentified male correctional officer who was inspecting her personal property; (2) indulge in a "nasty" discussion with an unidentified female correction officer; (3) become sufficiently disruptive that two other correctional staff, Lt. Bower, and Correctional Officer Rogers, were compelled to transfer her to the Special Management Unit at this county jail; (4) engage in an exchange of curses with these transporting officers; (5) become involved in a physical altercation in which Ball alleges that she was struck by the officers; and (6) find herself placed in a special management unit cell, where she alleged she was confined, naked, for approximately one hour. (Id.)

On December 17, 2010, Ball filed this *pro se* lawsuit, which recited this remarkable turn of events at the county prison and named six defendants: the Lycoming County jail, the warden, Lt. Bower, Correctional Officer Rogers, and the two unidentified correctional officers as John and Jane Doe defendants. (Id.) In her complaint, Ball acknowledged that she never endeavored to exhaust her administrative grievance remedies at the county jail before proceeding into federal court, explaining that she was only "at this county for 3 to 4 hours." (Id.) Ball then demanded wide ranging relief from the defendants in the form of compensatory and punitive damages, along with declaratory relief. (Id.)

This case now is before the court on a motion for summary judgment filed by the remaining defendants in this action.  (Doc. 85.)  That summary judgment motion is supported by affidavits and a prison surveillance video, all of which describe and depict the events that transpired during Ball's brief, but eventful, stay in the Lycoming County Prison.

Ball has now moved to strike all of these exhibits, (Docs. 92, 94, and 96.), arguing that they are either irrelevant, incorrect, prejudicial or–in the case of the video–not previously seen by her.  For the reasons set forth below, these motions will be denied, but the defendants will be directed to attempt to make a copy of the video available for inspection by Ball.

## II.  **Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles.  Because striking a pleading is viewed as a drastic

remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical

Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one

court has aptly observed: "striking a party's pleadings is an extreme measure, and, as

a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor

and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th

Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at

783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106

(W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d

ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In

practice, courts should exercise this discretion and strike pleadings only when those

pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial

to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to

motions to strike, those "pleadings" that may be subject to a motion to strike are

construed narrowly. Recognizing that briefs are, by their nature, argumentative and

sometimes contentious filings, it is generally held that a brief–as opposed to other

forms of pleadings– typically will not be considered a "pleading" which is properly

the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829

F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson

<u>Const. Co.</u>, 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and <u>Board of Education v. Admiral Heating and Ventilation, Inc.</u>, 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of the plaintiff's motions to strike, we find that they are in essence pleadings which oppose the summary judgment motion filed in this action, and argue the ultimate merits of that motion. Recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir.1977), we find that the plaintiff has not shown that the exhibits and affidavits appended to this summary judgment motion are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. <u>Ruby v. Davis Foods, Inc.</u>, 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny these motions to strike. However, because we understand the concerns that motivated the plaintiff to file this pleading, the court will deny this motion but will consider the plaintiff's claims as part of her arguments set forth in her response to the pending summary judgment motion. We will also direct the defendants to provide a copy of the prison video to Ball's jailers, so that Ball may make arrangements to view this video.

**III.    Conclusion**

Accordingly, for the foregoing reasons, the plaintiff's motions to strike (Docs. 92, 92 and 96.), are DENIED without prejudice to consideration of any of the arguments made in these motions in connection with the pending summary judgment motion filed in this action, and the defendants are directed to provide a copy of the prison video attached to this summary judgment motion to Ball's jailers, so that Ball may make arrangements to view this video.

So ordered this 19th day of February 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge